J. M. MACE v. SOUTHERN RAILWAY COMPANY.

(Filed 8 December, 1909.)

1. Carriers of Passengers — Ticket Stipulations — Shortest Route — Negligence—Parol Evidence.

A passenger traveling by rail upon a round-trip ticket limiting his route to his destination and return to the shortest one, may show, in his suit for damages for being put off the train, that he

was erroneously informed by defendants' station agent that the route he had taken was the shortest, not as a variation of the stipulation printed upon the ticket, but that it was through the negligence of the defendant's station agent that he had taken the longer route.

**2. Carriers of Passengers — Ticket Stipulations — Shortest Route — Incorrect Information — Ejection of Passenger — Negligence — Damages.**

A plaintiff may recover of the defendant railroad company such actual damages as he may have sustained by being put off the latter's train, when he was traveling a longer route to his destination than that stipulated for in his ticket, the stipulation calling for the shortest one, when it appears he was acting upon erroneous advice as to the shortest distance given by defendant's station agent, that he did not know which was the shortest route and reasonably relied upon the information given him.

**3. Same—Conductor.**

The fact that a conductor acted within his duty, and without insult, violence or rudeness, in putting a passenger off of his train who was traveling on a ticket to his destination stipulating for another route thereto, does not exculpate the defendant railroad company for liability for the negligence of its station agent in causing the passenger, without his fault, to take this route as the one called for in his ticket.

WALKER, J., dissenting.

APPEAL by defendant from *Justice, J.,* May Term, 1909, of CATAWBA.

These issues were submitted:

1. "Was the plaintiff, J. M. Mace, wrongfully put off the defendant's train, as alleged in the complaint?" Answer: "Yes."

2. "If so, was the expulsion of the plaintiff, J. M. Mace, malicious, wanton or accompanied with violence or rudeness and insult?" Answer: "No."

3. "What damages, if any, is the plaintiff, J. M. Mace, entitled to recover?" Answer: "One hundred and fifty dollars."

The court rendered judgment for the plaintiff, and the defendant appealed.

The facts are stated in the opinion of the Court.

*C. L. Whitener* and *W. A. Self* for plaintiff.
*S. J. Ervin* for defendant.

BROWN, J. The plaintiff purchased of defendant's agent, at Rock Hill, South Carolina, on 1 July, 1908, tickets for transportation to Hickory, North Carolina, and return, good until 8 July, 1908. The tickets contained stipulations, printed on their face, that they were good for transportation of the passen-

ger "*via* short line only," and were "good for return same route
only."

The evidence was that the plaintiff used this ticket in pay-
ment of transportation from Rock Hill, S. C., to Hickory, N. C.,
coming by way of Charlotte and Statesville, the shortest and
most direct route, and that on returning to Rock Hill he under-
took to return by way of Marion, N. C., and Blacksburg, S. C.,
to Rock Hill, which route was a distance of fifty-one miles far-
ther than the way he had come, and that on plaintiff's embark-
ing on defendant's train at Hickory, N. C., on his return by
way of Marion, N. C., the defendant's conductor in charge of
said train refused to accept this ticket in payment of transporta-
tion on this route, and demanded that plaintiff pay fare to
Marion, N. C., or else that he alight from the train at the next
station; and that the plaintiff thereupon refused to pay fare to
Marion and alighted from the train at Connelly Springs, the
first station west of Hickory, and the next day returned by way
of Statesville and Charlotte.

It was in evidence that the shortest and most direct route was
by way of Charlotte and Statesville, and that it was fifty-one
miles farther by way of Marion and Blacksburg.

The objection is made by the defendant that the declarations
of defendant's agent, made to plaintiff at Rock Hill and Hick-
ory, are incompetent for the purpose of varying the contract of
transportation, as set out on the face of the ticket. We quite
agree with the learned counsel for defendant, but the evidence
does not appear to have been received for any such purpose.

The reason for the competency of the evidence is that the
plaintiff had the right to be informed as to which is the shortest
route, and the defendant's agents were the proper persons for
him to apply to.

The matter was put before the jury with such clearness that
they evidently did not fail to comprehend what was the true
issue. His Honor instructed them as follows: "If you find from
the evidence that the ticket that has been introduced in evidence
is a copy of the tickets which were issued to the plaintiff and
contained the stipulation, '*via* the short route and return the
same way,' then the plaintiffs would be bound by that, and they
would have to go the shortest route and return the same way,
unless the agent who sold them the tickets at Rock Hill told
them that they were good by way of Marion as well as by way
of Statesville and Charlotte; if the agent told them that, and the
plaintiffs did not know which was the shortest route, and could
not by reasonable diligence have ascertained that, then they had

a right to rely upon the statement made to them by the agent at Rock Hill; and if, under those circumstances, they went to Hickory, and, in order to ascertain whether they could go on the train to Marion, applied to the agent at Hickory, and he confirmed the statement that was made by the agent at Rock Hill by telling them they could go back by Marion, then they had a right to rely upon the statement of the two agents and to return by way of Marion; and if they were ejected from the train after offering that ticket and informing the conductor, then they were wrongfully put off the train, and the defendant would be liable in actual damages, it makes no difference whether the ejectment was with or without rudeness, with malice or without, or wanton or not wanton."

We think that a correct statement of the law governing this case.

The fact that the conductor did nothing wrongful upon his part does not exculpate the defendant from liability for the negligence of its station agent in causing plaintiff to take the wrong route on his return home. This liability is upon the same principle that when a passenger holds a ticket good on one train and one route, by direction of the gate keeper is made to take another train going in the wrong direction, the carrier is liable for the negligence of its agent.

While the ticket contains the contract, it furnishes no indication as to which is the shortest route or the proper train to take.

Had there been no misdirection and no inquiry, there would be no liability, if the passenger had made the mistake himself. *Hufford v. Railroad,* 8 Am. St. Rep., 859; *Head v. Railroad,* 11 Am. St. Rep., 434; *Railroad v. Gaines,* 59 Am. St. Rep., 465.

No error.

WALKER, J., dissenting.